ARTISAN FLOORING, INC. *v.*
SCHAPIRO, ET UX.

[No. 56, September Term, 1964.]

*Decided December 4, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Carl A. Durkee,* with whom were *Wells, Durkee & Albert* on the brief, for the appellant.

*Marvin C. Wahl,* with whom was *Blanche G. Wahl* on the brief, for the appellees.

PER CURIAM.

This case presents a narrow issue as to whether the trial court, sitting without a jury, was in error in finding that no contract had been made between the owner and a flooring contractor in a building operation. The appellees had entered into a written contract with a builder, Proutt, for the construction of a home. When nearly completed, the house burned, and the builder undertook to replace it, including the flooring, on terms similar to those in the first contract. But the owners had been dissatisfied with the flooring, and wished a new subcontractor for that work. A representative of the appellant, Powell, called and discussed the matter with the appellees and the builder, exhibiting samples and quoting prices. Mrs. Schapiro, in Powell's presence, asked the builder if the price was "all right" and he said it was. Mrs. Schapiro testified she had explained the situation to Powell before he called, and had told him that his bid would have to be approved by the builder.

After the flooring was installed, Powell made several efforts to see Proutt, but never sent him a bill. He admitted that the appellees never promised to pay him. Under all the circumstances we cannot say that the finding of the trial court was clearly erroneous. Maryland Rule 886 a. Powell knew that Proutt was the builder, and he admitted that the work was not to be paid for until the whole house was completed. It is not disputed that Proutt was paid for the flooring.

*Judgment affirmed, with costs.*